UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA PROVVEDI, | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No.: |
| v. | ) |
| | ) COMPLAINT AND DEMAND FOR |
| TORRES CREDIT SERVICES, INC., | ) JURY TRIAL |
| | ) |
| | ) (Unlawful Debt Collection Practices) |
| Defendant | ) |

## COMPLAINT

LISA PROVVEDI ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TORRES CREDIT SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5.   Plaintiff is a natural person residing in Allentown, Pennsylvania.

6.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.   Defendant is a national debt collection company with its corporate headquarters located at 27 Fairview Street, Suite 301, Carlisle, PA 17015.

8.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.   At all relevant times herein, Defendant was attempting to collect a debt and contacted Plaintiff in its attempts to collect that debt.

11.   The debt at issue arose out of transactions that were incurred

primarily for personal, family, or household purposes.

12. By way of background, beginning in or around January 2016 Defendant began placing calls to Plaintiff's cellular telephone number concerning an alleged consumer debt.

13. Defendant's harassing debt collection calls derived from numbers including, but not limited to (866) 659-1487. The undersigned has confirmed that this number belongs to the Defendant.

14. Thereafter, in February 2016, Plaintiff told Defendant to cease all calls.

15. Once Defendant was notified that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place additional calls.

16. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

17. However, Defendant continued to call Plaintiff, and between March 2016 and August 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

18. Plaintiff reiterated the request that all calls cease on several other occasions between March and August 2016.

19. However, Defendant continued to ignore Plaintiff's requests for calls

to stop.

20. During this time, Defendant also threatened to take Plaintiff to court if the debt was not paid.

21. Upon information and belief, Defendant did not sue Plaintiff for this debt and had no intention of suing Plaintiff to collet this debt.

22. After Plaintiff's requests to stop calling were ignored by Defendant, Plaintiff took measures to stop their calls by downloading a blocking application to her cellular telephone.

## COUNT I
## <u>DEFENDANT VIOLATED §1692d and d(5) OF THE FDCPA</u>

23. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Here, Defendant violated §1692d and §1692d(5) of the FDCPA when it placing repeated and continuous harassing telephone calls to Plaintiff's cellular telephone knowing that its calls were unwanted.

# COUNT II
## DEFENDANT VIOLATED §§1692e, 1692e(5) AND 1692e(10) OF THE FDCPA

26. A debt collector violates this section when it uses false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

27. A debt collector violates §1692e(5) of the FDCPA by threatening to take action that cannot be taken or is not intended to be taken.

28. A debt collector violates this section by using false representation or deceptive means to collect or attempt to collect the alleged debt, or to obtain information concerning the Plaintiff.

29. Here, Defendant violated §1692e, §1692e(5) and §1692e(10) of the FDCPA when it threatened to take Plaintiff to court concerning this debt when it had no intention of suing her and did not suit her.

WHEREFORE, Plaintiff, LISA PROVVEDI, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LISA PROVVEDI, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: March 13, 2017        By:  */s/ Amy Lynn Bennecoff Ginsburg*
AMY LYNN BENNECOFF GINSBURG
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com